EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-760**

MAR 01, 2021 05:41 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

CORNELIOUS TUGGLE;

   Plaintiff,

v.

DOKO HAY d/b/a DHUGOHAY TRUCKING;

   Defendants.

CIVIL ACTION

FILE NO. _____

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, by and through counsel of record, and files this Complaint for Damages showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a collision involving a tractor-trailer operated by Defendant DOKO HAY d/b/a DHUGOHAY TRUCKING (hereinafter "DHUGOHAY TRUCKING") and its driver, DOKO HAY and Plaintiff's vehicle that occurred on I-75 South at or near South Marietta Parkway on October 16, 2019 in Cobb County. Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

At the time of the collision described in this Complaint, Defendant DOKO Hay was doing business as DHUGOHAY TRUCKING.

3.

At all times material to this Complaint, DHUGOHAY TRUCKING was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as an interstate motor carrier of property.

4.

At all times material to this Complaint, DHUGOHAY TRUCKING was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as a for-hire interstate motor carrier of property.

5.

At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA") assigned DHUGOHAY TRUCKING with USDOT No. 2970135.

6.

At all times material hereto, DHUGOHAY TRUCKING was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation ("USDOT") contained in Title 49 of the Code of Federal Regulations and as approved and adopted by the State of Georgia.

7.

At all times material hereto, DHUGOHAY TRUCKING was not permitted to operate a motor vehicle over the public roadways unless it as a motor carrier had obtained and had in effect the minimum levels of financial responsibility as set forth in 49 CFR § 387.9.

8.

At all times material hereto, DHUGOHAY TRUCKING was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00.

9.

At all times material hereto, DHUGOHAY TRUCKING was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00 that was issued by Platinum Transport Insurance RRG, Inc.

10.

At the time of the collision described in this Complaint, defendant DHUGOHAY TRUCKING had automobile liability coverage for compensatory damages that were caused through the negligent operation of the commercial motor vehicle that defendant DHUGOHAY TRUCKING was operating at the time of the subject collision.

11.

The liability coverage for the collision described in this Complaint is being provided to defendant DHUGOHAY TRUCKING through a primary policy of insurance issued by Platinum Transport Insurance RRG, Inc., which provides coverage to defendant DHUGOHAY TRUCKING for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that defendant DHUGOHAY TRUCKING was operating at the time of the subject collision.

12.

The liability coverage for the collision described in this Complaint is being provided to defendant DHUGOHAY TRUCKING through a primary policy of insurance issued by Platinum Transport Insurance RRG, Inc. and further identified as Policy Number PTI000401-02, which provides coverage to defendant DHUGOHAY TRUCKING for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that defendant DHUGOHAY TRUCKING was operating at the time of the subject collision.

13.

At the time of the collision described in this Complaint, DOKO HAY was operating a commercial motor vehicle over the public roadways in Cobb County, Georgia.

14.

At the time of the collision described in this Complaint, DOKO HAY was operating a tractor-trailer owned by Defendant DHUGOHAY TRUCKING over the public roadways in Cobb County, Georgia.

15.

At the time of the collision described in this Complaint, DOKO HAY was operating a tractor-trailer with the permission of Defendant DHUGOHAY TRUCKING over the public roadways in Cobb County, Georgia.

16.

At the time of the collision described in this Complaint, DOKO HAY was responsible for the safe and reasonable operation of a commercial motor vehicle over the public roadways within and throughout the State of Georgia.

17.

At all times material hereto, DOKO HAY was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

18.

At the time of the collision described in this Complaint, Defendant DOKO HAY was a permissive driver.

19.

At the time of the collision described in this Complaint, Defendant DOKO HAY was a permissive driver and covered by a policy of automobile liability insurance.

20.

At the time of the collision described in this Complaint, Defendant DOKO HAY was a permissive driver and covered by a policy of automobile liability issued by Platinum Transport Insurance RRG, Inc.

21.

Defendant DOKO HAY resides at 5400 Silvergate Street, Bakersfield, CA 93313 and may be served with a copy of the summons and complaint at this address.

22.

Defendant DOKO HAY resides at 1801 Birchcrest Drive, Charlotte, North Carolina 28205 and may be served with a copy of the summons and complaint at this address.

23.

The Federal Motor Carrier Safety Regulations require that every interstate motor carrier (of property or passengers) shall designate a process agent, upon whom court papers may be served in any legal proceeding brought against such motor carrier.  This designation shall be made for each State, in which the motor carrier is authorized to operate and for each State traversed during such operations. DHUGOHAY TRUCKING hired:  #1 A+ Agents of Process Inc. to be its Blanket Company and designated as its process agent: Renee Lamback, 7980 Errol Drive, Lithonia Georgia, 30058.

24.

DHUGOHAY TRUCKING may be served with summons and complaint through the BOC-3 Designated Process Agent:  Renee Lamback, 7980 Errol Drive, Lithonia Georgia, 30058.

25.

Once served with process, DHUGOHAY TRUCKING is subject to the jurisdiction of this Court.

26.

DHUGOHAY TRUCKING was properly served with process in this civil action.

27.

DHUGOHAY TRUCKING was sufficiently served with process in this civil action.

28.

Venue in the above-styled civil action is proper in this County and Court as to DHUGOHAY TRUCKING.

.

29.

Once served with process, DOKO HAY is subject to the jurisdiction and venue of this Court.

30.

DOKO HAY was properly served with process in this civil action.

31.

DOKO HAY was sufficiently served with process in this civil action.

32.

Venue in the above-styled civil action is proper in this County and Court as to DOKO HAY.

## FACTS

33.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

34.

On October 16, 2019 at approximately 5:15 p.m., Defendant DOKO HAY was operating a tractor-trailer traveling south on I-75 at or near South Marietta Parkway.

35.

On October 16, 2019, at approximately 5:15 p.m. Defendant DOKO HAY attempted to make a lane change.

36.

On October 16, 2019, at approximately 5:15 p.m., Defendant DOKO HAY attempted to move the tractor-trailer into the third traffic lane of I-75.

37.

On October 16, 2019, at approximately 5:15 p.m. Defendant DOKO HAY's tractor-trailer collided into Plaintiff's vehicle.

38.

On October 16, 2019, at approximately 5:15 p.m. when Defendant DOKO HAY attempted to move his tractor-trailer into the third traffic lane of I-75, he did not see that that the lane was already occupied by Plaintiff's vehicle.

39.

Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1

40.

An officer from the Cobb County Police Department investigated this collision described in this Complaint.

41.

An officer from the Cobb County Police Department concluded that the collision described in this Complaint was solely caused by Defendant DOKO HAY.

42.

A police officer cited Defendant DOKO HAY with a violation of Georgia law.

43.

A police officer cited Defendant DOKO HAY with a violation of Georgia law for failure to use a turn signal.

44.

Officer Wilson cited Defendant DOKO HAY with a violation of OCGA § 40-6-123.

45.

In Georgia, paying one's ticket online results in what is called a "bond forfeiture."

46.

The Official Code of Georgia Annotated (O.C.G.A.) § 40-13-58 considers paying one's ticket online as the same as showing up to court and entering a guilty plea.

47.

Defendant DOKO HAY pled guilty by way of bond forfeiture to violating OCGA § 40-6-123 at the time of the collision described in this Complaint.

48.

Defendant DOKO HAY violated of OCGA § 40-6-123 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

49.

Defendant DHUGOHAY TRUCKING conducted its own investigation into the cause of the subject collision.

50.

Defendant DHUGOHAY TRUCKING concluded that Defendant DOKO HAY violated of OCGA § 40-6-123 at the time of the collision described in this Complaint.

51.

Defendant DHUGOHAY TRUCKING concluded that Defendant DOKO HAY violated of OCGA § 40-6-123 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

52.

Defendant DHUGOHAY TRUCKING concluded that Defendant DOKO HAY was the sole cause of the subject collision.

53.

No act or failure to act on the part of any Plaintiff caused or contributed to the cause of the collision described in this Complaint.

54.

No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

55.

No act or failure to act on the part of any third party caused or contributed to the injuries suffered by Plaintiff in the collision described in this Complaint.

56.

No act or failure to act on the part of a Plaintiff caused or contributed to the cause of her claimed injuries.

57.

No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

58.

Plaintiff was an innocent victim of the collision described in this Complaint.

59.

The collision described in this Complaint caused Plaintiff to suffer injuries, losses, and damages.

60.

Defendant DHUGOHAY TRUCKING agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

61.

Defendant DOKO HAY agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

## COUNT I - LIABILITY OF DEFENDANT MOTOR CARRIER DHUGOHAY TRUCKING

62.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

63.

DHUGOHAY TRUCKING was the owner of the tractor-trailer described in this Complaint.

64.

DHUGOHAY TRUCKING was the owner of the trailer described in this Complaint.

65.

DHUGOHAY TRUCKING was the motor carrier responsible for the hiring, training qualifying and supervising of all drivers operating its tractor-trailers, including for DOKO HAY.

66.

DHUGOHAY TRUCKING negligent in the following ways:

a. Negligently inspecting the tractor-trailer that Defendant DOKO HAY was operating at the time of the collision described in this Complaint;

b. Negligently maintaining the tractor-trailer that Defendant DOKO HAY was operating at the time of the collision described in this Complaint;

c. Negligently failing to keep the tractor-trailer that Defendant DOKO HAY was operating at the time of the collision described in this Complaint in proper repair and working order;

d. Negligently hiring or contracting with Defendant DOKO HAY to drive the tractor-trailer at issue;

e. Negligently training Defendant DOKO HAY;

f. Negligently entrusting Defendant DOKO HAY to drive the tractor-trailer in a reasonably safe manner;

g. Negligently retaining Defendant DOKO HAY to drive the tractor-trailer at issue;

h. Failing to supervise Defendant DOKO HAY; and

i. Otherwise failing to act as a reasonably prudent company under the circumstances.

67.

Defendant DHUGOHAY TRUCKING was also negligent *per se* in the cause of this collision by operating the subject tractor-trailer in violation of O.C.G.A. § 40-6-48.

68.

As a direct and proximate result of the negligence of Defendant motor carrier DHUGOHAY TRUCKING and its driver, DOKO HAY, in the ensuing collision, Plaintiff's sustained injuries.

69.

Defendant motor carrier DHUGOHAY TRUCKING, and its driver, DOKO HAY, are liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff as a result of the collision described in this Complaint.

## COUNT II:  *RESPONDENT STATE* LIABILITY OF DEFENDANT DHUGOHAY TRUCKING FOR NEGLIGENCE OF ITS DRIVER DOKO HAY

70.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

71.

At all relevant times, DOKO HAY owed the following civil duties to Plaintiff but violated those duties in the following ways:

 a. Colliding into that was next to him;
 b. Failing to keep a proper lookout for traffic;
 c. Failing to make reasonable and proper observations while driving;
 d. Failing to drive at a reasonable and prudent speed under the conditions;
 e. Failing to drive at a reasonable distance;
 f. Failing to obey traffic laws; and
 g. Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

72.

Defendant DOKO HAY was also negligent *per se* in the cause of this collision.

73.

DHUGOHAY TRUCKING's driver DOKO HAY was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.   Failure to Maintain Lane (O.C.G.A. § 40-6-48);

b.   Failing to Drive with Due Care (O.C.G.A. § 40-6-241); and

c.   Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1);

d.   Failing to Turn Safely (O.C.G.A . §40-6-123).

74.

DHUGOHAY TRUCKING 's driver DOKO HAY was also negligent *per se* in the cause of this collision by operating the subject tractor-trailer in violation of O.C.G.A. § 40-8-7.

75.

As a direct and proximate result of the negligence of Defendant DOKO HAY, Plaintiff sustained injuries, losses and damages.

76.

Defendant DHUGOHAY TRUCKING is responsible and liable for the negligent acts of its driver, DOKO HAY, under a theory of *respondeat superior* and control.

77.

As a direct and proximate result of the negligence and negligence *per se* of Defendant DOKO HAY, Plaintiff incurred and is entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for their general damages, including past and future pain and suffering and related damages.

### COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

78.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

79.

Defendant DHUGOHAY TRUCKING  and/or its driver, DOKO HAY acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendant's

acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries, losses and damages.

80.

As a direct and proximate result of the negligence of Defendant DHUGOHAY TRUCKING and its driver, DOKO HAY, Plaintiff was physically injured, have suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

81.

As a direct and proximate result of the breaches of duty by Defendant DHUGOHAY TRUCKING  and its driver, DOKO HAY, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

82.

To the extent  that a jury awards Plaintiff compensatory damages in this case, Defendant MIDWAY INSURANCE MANAGEMENT is liable to pay Plaintiff such jury award at ;east up to the limits provided by its automobile liability policy of insurance in effect at the time of the collision.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a) A trial by jury;

b) For Summons and Complaint to issue against each Defendant;

c) For judgment against each Defendant to compensate Plaintiff for past and future injuries, losses and damages;

d) For judgment against each Defendant for attorneys' fees and expenses of litigation;

e) For judgment against Defendant motor carrier and its driver for punitive damages as shown to be fair and appropriate at the trial of this case;

f) Court costs, discretionary costs, and prejudgment interest; and

g) For all such further and general relief which this Court deems just and proper.

Dated this 1st day of March 2021.

                                          WITHERITE LAW GROUP, LLC

                                        */s/ R. Sean McEvoy*
                                        R. SEAN MCEVOY
                                        GEORGIA STATE BAR NUMBER 490918
                                        ATTORNEY FOR PLAINTIFF

600 WEST PEACHTREE STREET, NW, SUITE 740
ATLANTA, GA 30308
TELEPHONE:   470-480-7540
FACSIMILE:   470-480-5095
E-MAIL:        SEAN.MCEVOY@WITHERITELAW.COM